UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY C. DeVANY,                           *      CIVIL ACTION NO.
d/b/a DeVANY INDUSTRIAL                    *
CONSULTANTS                                *
                                           *
v.                                         *      DIVISION:
                                           *
GERALD MEUNIER, JUSTIN WOODS,              *      SECTION:
FRANK D'AMICO, JR., ANTHONY                *
BUZBEE, RAUL BENCOMO, MATTHEW              *
MORELAND, LINDA NELSON, MIKAL              *
WATTS, DENNIS REICH, ROBERT               *
BECNEL                                     *
                                    *      *      *      *

## COMPLAINT

NOW INTO COURT, comes Mary C. DeVany, d/b/a DeVany Industrial Consultants, who alleges that:

## PARTIES

1.      Plaintiff, Mary C. DeVany, d/b/a DeVany Industrial Consultants, is a person of the full age of majority and a citizen of Washington State.  She owns and operates DeVany Industrial Consultants in Vancouver, Washington, which provides international public and private consulting in the fields of occupational safety, industrial hygiene, environmental safety, and community health.

2.      Defendant, Gerald Meunier, a person of the full age of majority, is a citizen of Louisiana, domiciled in the Eastern District of Louisiana.  Mr. Meunier is a Louisiana-licensed attorney and a member of the Plaintiffs' Steering Committee in MDL No. 1873, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*.

3.      Defendant, Justin Woods, a person of the full age of majority, is a citizen of Louisiana, domiciled in the Eastern District of Louisiana.  Mr. Woods is a Louisiana-licensed attorney and a member of the Plaintiffs' Steering Committee in MDL No. 1873, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*.

4.      Defendant, Frank D'Amico, Jr., a person of the full age of majority, is a citizen of Louisiana, domiciled in the Eastern District of Louisiana.  Mr. D'Amico is a Louisiana-licensed attorney and a member of the Plaintiffs' Steering Committee in MDL No. 1873, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*.

5.      Defendant, Raul Bencomo, a person of the full age of majority, is a citizen of Louisiana, domiciled in the Eastern District of Louisiana.  Mr. Bencomo is a Louisiana-licensed attorney and a member of the Plaintiffs' Steering Committee in MDL No. 1873, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*.

6.      Defendant, Matthew Moreland, a person of the full age of majority, is a citizen of Louisiana, domiciled in the Eastern District of Louisiana.  Mr. Moreland is a Louisiana-licensed attorney and a member of the Plaintiffs' Steering Committee in MDL No. 1873, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*.

7.      Defendant, Linda Nelson, a person of the full age of majority, is a citizen of Louisiana, domiciled in the Eastern District of Louisiana.  Ms. Nelson is a Louisiana-licensed attorney and a member of the Plaintiffs' Steering Committee in MDL No. 1873, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*.

8.      Defendant, Robert Becnel, a person of the full age of majority, is a citizen of Louisiana, domiciled in the Eastern District of Louisiana.  Mr. Becnel is a Louisiana-licensed

attorney and a member of the Plaintiffs' Steering Committee in MDL No. 1873, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*.

9.      Defendant, Anthony Buzbee, a person of the full age of majority, is a citizen of Texas, domiciled in the Southern District of Texas.  Mr. Buzbee is a Texas-licensed attorney and a member of the Plaintiffs' Steering Committee in MDL No. 1873, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*.

10.      Defendant, Mikal Watts, a person of the full age of majority, is a citizen of Texas, domiciled in the Western District of Texas.  Mr. Watts is a Texas-licensed attorney and a member of the Plaintiffs' Steering Committee in MDL No. 1873, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*.

11.      Defendant, Dennis Reich, a person of the full age of majority, is a citizen of Texas, domiciled in the Southern District of Texas.  Mr. Reich is a Texas-licensed attorney and a member of the Plaintiffs' Steering Committee in MDL No. 1873, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*.

## JURISDICTION AND VENUE

12.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

13.      Venue is appropriate in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(3) because the majority of the defendants are domiciled in this district.

## BACKGROUND

14.     Each of the named defendants was retained as counsel by persons who were given a temporary housing unit by the federal government in the wake of Hurricanes Katrina and Rita, more commonly known as "FEMA trailers."

15.     The defendants, on behalf of their clients, brought claims against FEMA and the manufacturers of the trailers, alleging that the trailers exposed their clients to excessive levels of formaldehyde.

16.     These claims were consolidated into the multi-district litigation, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, and assigned MDL No. 1873.

17.     As members of the Plaintiffs' Steering Committee in MDL No. 1873, the individual defendants were required to initiate, coordinate, and conduct all pretrial discovery on behalf of their clients and other plaintiffs in all of the actions that were consolidated into MDL No. 1873.

18.     In 2007, one or more of the individual defendants, acting as the agent for the Plaintiffs' Steering Committee, contacted DeVany and retained DeVany Industrial Consultants to evaluate the potential for formaldehyde exposure to persons living in FEMA trailers and other similarly-situated individuals whose actions were consolidated into MDL No. 1873.

19.     DeVany provided a number of services for the Plaintiffs' Steering Committee, including:

    a.  DeVany surveyed current formaldehyde exposure limits and explained to the Plaintiffs' Steering Committee their basis, application, and limitations;

    b.  DeVany surveyed and reviewed the adverse health effects of formaldehyde exposure, explained these effects to the Plaintiffs' Steering Committee, and

assisted the Plaintiffs' Steering Committee in determining the extent of adverse health effects on occupants of FEMA trailers;

c.   DeVany developed a sampling methodology and measurement strategy for determining formaldehyde contamination in FEMA trailers, and a selection basis for specific FEMA trailer sampling; and

d.   DeVany supervised and conducted testing of the FEMA trailers for formaldehyde levels, including data collection, analysis of the sampling results, interpretation of the findings, and formulation of an opinion as to the findings' significance.

20.   At no time have the defendants complained about the quality or value of the work performed.

21.   DeVany regularly invoiced the defendants for professional services and expenses beginning in 2007.

22.   The terms of DeVany's invoices included a net 20 days and a 2% monthly service charge for all payments received later than thirty days after the date of the invoice.

23.   From 2007 until 2009, the defendants paid DeVany's invoices on an irregular basis.  At one time, because of lack of payment, DeVany was forced to file suit against the defendants to collect payment in *Mary C. DeVany, dba, DeVany Industrial Consultants v. Jerry Meunier, Justin Woods, Raul Bencomo, Frank D'Amico, Jr., Anthony Buzbee, Matthew Moreland, Linda Nelson, and Mikal Watts*, Civil Action No. 3:09-cv-05264-RBL, United States District Court for the Western District of Washington at Tacoma.

24.     After suit was filed, the defendants paid DeVany's outstanding invoices in full. The defendants, however, have not paid any of the invoices for fees and expenses incurred following the invoices covered in the Washington suit.

25.     The unpaid invoices described in Paragraph 22 are Invoice Nos. 43, 44, 45, 46, 47, and 48, and remain unpaid despite repeated demands.  *See* Ex. A, *in globo*, attached to this Complaint and incorporated by reference.

26.     In 2010, an auditor retained by the defendants to review DeVany's invoices sent DeVany a letter noting several billing errors.

27.     Although DeVany's bills were 99% accurate, some of the errors noted by the error were valid, as outlined by DeVany in her response to the auditor.  *See* Ex. B, attached to this Complaint and incorporated by reference.

28.     Accordingly, DeVany issued a credit memo to the defendants.  *See id.*

29.     Nonetheless, the defendants have refused to pay the sum owed to DeVany, which now totals $179,697.05 with the 2% monthly service charge.  *See* Ex. C, attached to this Complaint and incorporated by reference.

## FIRST CAUSE OF ACTION:  OPEN ACCOUNT

30.     DeVany adopts, realleges, and incorporates the preceding allegations of this Complaint as if copied herein *in extenso.*

31.     The defendants procured consulting services and other items from the plaintiff on an open account basis.

32.     Despite repeated requests and written demand, defendants have failed to pay the outstanding sums due and owing.

33.     Defendants are jointly, severally, and in solido liable for all sums due and owing to DeVany.

34.     Citation and service of this Complaint is additional written demand under Louisiana Revised Statute § 9:2781.

35.     DeVany is entitled to the costs of these proceedings and reasonable attorneys' fees under Louisiana Revised Statute § 9:2781.

## SECOND CAUSE OF ACTION:  BREACH OF CONTRACT

36.     DeVany adopts, realleges, and incorporates the preceding allegations of this Complaint as if copied herein *in extenso*.

37.     DeVany and the defendants entered into a binding contract.

38.     DeVany complied with her obligations under the contract.

39.     The defendants failed to perform obligations owed under the contract.

40.     As a direct and proximate result of the defendants' failure to perform, DeVany has sustained substantial monetary losses, injuries, and damages.

41.     Defendants are jointly, severally, and in solido liable for all sums due and owing to DeVany.

## PRAYER FOR RELIEF

42.     Accordingly, Mary C. DeVany, d/b/a DeVany Industrial Consultants, prays that after the lapse of all legal delays and due proceedings, there be judgment in favor of DeVany Industrial Consultants, and against the defendants,   Gerald Meunier, Justin Woods, Frank D'Amico, Jr., Raul Bencomo, Matthew Moreland, Linda Nelson, Robert Becnel, Mikal Watts, Anthony Buzbee, and Dennis Reich, jointly, severally, and in solido in the full sum of $179,697.05, which includes interest thereon at 2% per month for past due balances as set forth

on invoices, an additional percentage of the total amount of the principal and interest due and owing on this open account, or such amount as the court should decide to be reasonable and proper under the circumstances as reasonable attorney's fees, and for all costs of these proceedings; and

43.     For all other general and equitable relief warranted.

44.     Mary C. DeVany, d/b/a DeVany Industrial Consultants requests a trial by jury.

Respectfully submitted,

_____

Herbert V. Larson, Jr. (La. Bar No. 8052)
Sara A. Johnson (La. Bar No. 31207)
The Law Offices of Herbert V. Larson, Jr.
700 Camp Street
New Orleans, LA 70130
(504) 528-9500
hvl@hvllaw.com
saj@hvllaw.com

Attorneys for Mary C. DeVany d/b/a DeVany Industrial Consultants

**CERTIFICATE OF NOTICE**

This certifies that I sent a Notice of Lawsuit and Request to Waive Service of A Summons to each defendant in compliance with Federal Rule of Civil Procedure 4(d).

Dated:  May 4, 2012

_____

Herbert V. Larson, Jr.